IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JULIAN R. BLACKSHEAR,

                Plaintiff,

  v.

DR. STANGE, DR. HOLLY, MS. DRAKE, DR. SCHMIDT, DR. LAWRY, DR. JANE DOE, RYAN BLOUNT, WARDEN JOHN DOE WARDEN, DEPUTY WARDEN JOHN DOE, CPS HYLER, CPS FRITA G., LAVREN ANDERSON, SOCIAL WORKER JANE DOE, SOCIAL WORKER UNIT 8/9 JANE DOE, and SOCIAL WORKER UNIT 4/5 JANE DOE,

                Defendants.

OPINION and ORDER

25-cv-394-jdp

---

Plaintiff Julian R. Blackshear, proceeding without counsel, alleges that officials at Columbia Correctional Institution (CCI) denied him mental health treatment and disregarded the risk that he would cut himself. Blackshear brings an Eighth Amendment claim based on conscious disregard of his mental health needs and safety.

Blackshear proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept Blackshear's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a plausible claim for relief, but I will allow Blackshear to amend the complaint to fix that problem. I will also deny Blackshear's motion for emergency injunction and I will rule on his other pending motions.

ALLEGATIONS OF FACT

Blackshear's unsteady handwriting has made it hard for me to discern some of his allegations. Blackshear should make greater efforts to write neatly in any future submission. From his complaint, I can discern the following factual allegations.

Blackshear has mental health problems, including a "severe . . . history" of cutting himself. Dkt. 1 at 2. From December 1, 2023, to May 1, 2025, defendants denied Blackshear mental health treatment even though Blackshear notified them of: (1) his history of cutting himself; and (2) the treatment received at his former institution, Wisconsin Resource Center (WRC). Defendants refused to refer Blackshear to WRC out of spite. Defendant Dr. Schmidt blocked the referral at the request of defendant Dr. Stange.

Several times, Blackshear attempted suicide by cutting himself with razors and scissors even though he was on a "sharp[s] restriction." *Id.* That behavior led to several trips to the emergency room. Defendants allowed Blackshear to have sharp objects.

At some point, defendant Dr. Lawry refused to interview Blackshear or listen to him, after which he was assigned to defendant Ms. Drake. Drake works as a doctor in the psychological services unit even though she doesn't have a "Dr. Degree" and is only a licensed counselor. *Id.* at 3. Drake ignored Blackshear's treatment needs, which caused him to attempt suicide.

ANALYSIS

A. Screening the complaint

Blackshear alleges that the events at issue occurred at CCI sometime between December 1, 2023, and May 1, 2025. But the Department of Corrections Offender Detail webpage shows

2

that Blackshear did not arrive at CCI until June 11, 2024. Therefore, I will interpret the complaint to allege that the events underlying Blackshear's claim occurred at CCI between June 11, 2024, and May 1, 2025.

Blackshear brings an Eighth Amendment claim based on conscious disregard of his mental health needs and safety. Blackshear sues defendants in their individual and official capacities, and he seeks damages.

I begin with some general principles of pleading. Federal Rule of Civil Procedure 8(a) requires a pleading to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The primary purpose of Rule 8(a) is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (alteration adopted). This standard does not require "detailed factual allegations," but "naked assertions devoid of further factual enhancement" are not enough. *See Iqbal*, 556 U.S. at 678. A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A complaint based on a theory of collective responsibility must be dismissed." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013).

I turn to the legal standard governing Blackshear's claim. The Eighth Amendment prohibits prison officials from consciously disregarding an excessive risk to prisoner health and safety, including serious acts of self-harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Lisle v. Welborn*, 933 F.3d 705, 716 (7th Cir. 2019). To state a claim based on conscious

3

disregard of health or safety, Blackshear must plausibly allege that (1) he faced an objectively serious risk of harm that (2) defendants consciously disregarded. *See Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). I will assume for purposes of this screening order that Blackshear's stated mental health problems and long history of cutting himself posed an objectively serious risks of harm. The issue is whether Blackshear has plausibly alleged that defendants consciously disregarded his need for mental health treatment, or the risk that he would cut himself.

Blackshear hasn't alleged a plausible claim based on conscious disregard of health or safety. Blackshear's allegations have two general problems. First, Blackshear does not allege dates, or reasonable date ranges, for the events on which he bases his claim. Second, Blackshear tries to proceed on a theory of collective responsibility by attributing most of the events on which he bases his claim to each defendant. But it's implausible from the general context of the complaint that each defendant participated in each act or omission on which Blackshear bases his claim.

I turn to more specific pleading problems. Blackshear faults defendants for not referring him to WRC so that he could obtain different mental health treatment. But Blackshear does not have a constitutional right to be transferred to an institution of his choice, or to his preferred mental health treatment. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The Constitution does not . . . guarantee that the convicted prisoner will be placed in any particular prison . . . ."); *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) (Eighth Amendment doesn't entitle a prisoner "specific care" or "the best care possible"). Blackshear's constitutional right is to adequate mental health treatment, *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir.

4

2006), and his vague allegations fail to plausibly suggest that any defendant denied him this right.

Blackshear alleges that defendants refused to transfer him to WRC out of spite. The basic rule is that denying a defendant necessary mental health treatment for a nonmedical reason, like spite, violates the Eighth Amendment. *See Brown v. LaVoie*, 90 F.4th 1206, 1213 (7th Cir. 2024). But Blackshear hasn't alleged any facts plausibly suggesting that any defendant denied him necessary mental health treatment for a nonmedical reason. The mere allegation that defendants denied a transfer to Blackshear's preferred prison does not support that inference.

Blackshear faults defendants for his suicide attempts. But Blackshear hasn't alleged any facts plausibly suggesting that defendants realized that he was going to commit that conduct and failed to make reasonable efforts to deter him. Blackshear also alleges that defendants allowed him to have sharp objects. But this vague allegation alone does not support a plausible inference that any defendant consciously allowed Blackshear to have a sharp object even though the defendant thought that he might cut himself with it.

Blackshear faults Lawry for not listening to him, but this vague allegation doesn't plausibly suggest that Lawry disregarded his medical needs. Blackshear would have to explain what Lawry did, or did not do, in enough detail to plausibly suggest that Lawry consciously disregarded his mental health or the risk that he would cut himself.

Blackshear alleges that Drake lacked adequate qualifications to provide him with mental health treatment. But the allegation that Drake was a licensed counselor does not support a plausible inference that she was unqualified to treat Blackshear, much less that any defendant consciously denied him adequate mental health care. Blackshear's allegation that Drake's

5

inadequate treatment caused him to commit suicide does not state a claim either. Blackshear has not explained how Drake's treatment was inadequate or alleged any facts suggesting that the purported lack of treatment caused him to cut himself.

**B. Motion for emergency injunction**

In his motion, Blackshear seeks transfer to a new facility based on allegations that staff keep giving him sharp objects. Blackshear also asks me to enjoin prison staff from interfering with his property and legal papers, which he contends has stopped him from doing legal work. In a separate case Blackshear filed an identical motion that I denied. *Blackshear v. CCI Warden John Doe*, 25-cv-388-jdp, Dkt. 6.

A plaintiff seeking emergency injunctive relief must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of that relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Democratic Nat'l Comm. v. Bostelmann*, 447 F. Supp. 3d 757, 765 (W.D. Wis. 2020) (stating that the standard for determining whether a temporary restraining order or preliminary injunction is appropriate is the same). A party must show a relationship between the injunctive relief sought and his claims. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). I cannot grant injunctive relief for claims on which I have not allowed a party to proceed. *See Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020) (party must make a strong showing that he is likely to succeed on the merits to obtain preliminary injunctive relief).

I will deny Blackshear's emergency motion for similar reasons as the '388 case. Blackshear's request to enjoin prison staff from interfering with his ability to do legal work is unrelated to Blackshear's claims. Furthermore, Blackshear hasn't explained how the alleged

6

interference with his property and legal papers has frustrated his ability to litigate this case. I will not allow Blackshear to proceed on this request.

Blackshear requests transfer to a new facility based on his allegations that CCI staff keep giving him sharp objects. Specifically, Blackshear alleges that a staff member recently gave him scissors that he ended up swallowing, which caused his hospitalization. But I did not allow Blackshear to proceed on a claim based on conscious disregard of safety in this case. Without a plausible claim, a grant of emergency injunctive relief is improper.

**C. Motion to appoint counsel**

Blackshear asks me to appoint counsel. Litigants in civil cases don't have a constitutional right to counsel, and I lack the authority to appoint counsel to plaintiffs proceeding without counsel in civil matters. Rather, I can only assist Blackshear in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc). I will interpret Blackshear's motion to appoint counsel as a motion for assistance in recruiting counsel.

A party requesting assistance in recruiting counsel must show three things: (1) he cannot afford to hire counsel, 28 U.S.C. § 1915(e)(1); (2) he's made reasonable efforts on his own to find counsel, *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); and (3) the legal and factual difficulty of the case exceeds his ability to prosecute it without counsel, *Pruitt*, 503 F.3d at 655. Blackshear has met the first requirement. The issue is whether he has met the second and third requirements.

Regarding the second requirement, I usually require plaintiffs to submit letters from at least three attorneys to whom they've written and who've refused to take the case. Blackshear hasn't met this requirement.

On the third requirement, Blackshear hasn't shown that this case involves issues that are too complex for him to handle without counsel. Blackshear's only task at this stage is to state a plausible claim for relief, which is not a high bar. This order provides instructions on the shortcomings of his complaint, and Blackshear should be able to address those shortcomings if there is factual support for his potential claims. Also, Blackshear has shown that he has the necessary knowledge and skill to state a plausible claim for relief because he managed to do that in the '388 case. I will deny Blackshear's request for court assistance in recruiting counsel, but without prejudice to his right to seek this relief in an appropriate motion if the case ultimately passes screening.

**D. Motion to reopen cases and unfreeze prison trust account**

I will deny this motion for the same reasons that I denied an identical motion in the '388 case. I cannot order another federal court to reopen a case that it has closed. Blackshear is free to raise his concerns in the Eastern District of Wisconsin or the court of appeals. I will deny Blackshear's request to unfreeze his prison trust account for similar reasons. I did not enter the order to freeze his trust account; a judge in the Eastern District did that. Blackshear should direct his concerns to that judge or the court of appeals.

CONCLUSION

Blackshear hasn't stated a plausible Eighth Amendment claim based on conscious disregard of health or safety, but I will allow him to file an amended complaint to fix the problems with that claim. In drafting his amended complaint, Blackshear should remember to:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in or cause a violation of his Eighth

8

Amendment rights. Blackshear must take care to allege what each defendant did, or failed to do, to violate his Eighth Amendment rights.

- Blackshear should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Blackshear believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals whom he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

Blackshear should also avoid alleging facts that were the basis his claims in the '388 case.

ORDER

IT IS ORDERED that:

1. Plaintiff Julian R. Blackshear's complaint, Dkt. 1, is DISMISSED for failure to state a claim for which I could grant relief.

2. Plaintiff may have until October 13, 2025, to submit an amended complaint that fixes the problems identified in this order with his claim based on conscious disregard of health and safety. Plaintiff may not bring any other claims in the amended complaint.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. If plaintiff fails to comply with this order, I may dismiss this case.

5. Plaintiff's motion for emergency injunction and motion to appoint counsel, Dkt. 6, is DENIED in part and DENIED without prejudice in part.

6. Plaintiff's motion to reopen cases and unfreeze prison trust account, Dkt. 5, is DENIED.

7. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

8. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

9. The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint form.

Entered September 11, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge